## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN F. BOHOVICH,                          :
                                           :
    Plaintiff,                         :
                                           :        CIVIL ACTION NO. 3:06-CV-1710
      v.                             :
                                           :        (JUDGE CAPUTO)
MICHAEL J. ASTRUE,[1]                      :
Commissioner of Social Security            :
                                           :        (MAGISTRATE JUDGE BLEWITT)
    Defendants.                        :

### MEMORANDUM

Plaintiff, John F. Bohovich, brought this 42 U.S.C. § 405(g) action on August 31, 2006, claiming that the Social Security Commissioner's denial of Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title VI was not supported by substantial evidence.  42 U.S.C. §§ 1381-1383f.  (Compl. ¶ 6, Doc. 1.)  The matter before me is Magistrate Judge Thomas M. Blewitt's Report and Recommendation of June 15, 2007, recommending that the appeal be denied.  (Report, Doc. 10.)  Plaintiff enumerated eight (8) objections in response to the Report and Recommendation. (Objections, Doc. 13.) The matter has been fully briefed by all parties and is ripe for disposition.  As I find that the Administrative Law Judge's determination that the Plaintiff could complete work at any exertional level was not supported by substantial evidence, and that the questions to the Vocational Expert did not include the Plaintiff's mental limitations or focus on Plaintiff's exertional limitations,  I will adopt in part and reject Magistrate Judge Blewitt's Report and Recommendation, grant in part and deny in part the Plaintiff's appeal.

---

[1]This claim was initially brought against the Commissioner of Social Security, Jo Anne B. Barnhart. Michael J. Astrue became the Acting Commissioner of Social Security on February 12, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

**BACKGROUND**

Plaintiff applied for DIB on January 27, 2005, alleging an inability to work since January 1, 1998, because of hypertension, hypoglycemia, hyperlipidemia, and an anxiety-related disorder.  (R. 41.)  His claims were initially denied.  (R. 37-40.)  A timely request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ") on February 21, 2006.  (R. 41, 128.) At the hearing, Plaintiff testified, as well as a vocational expert ("VE"). (R. 128-157.)  While the ALJ determined that the Plaintiff had a severe mental impairment based on anxiety disorder, she determined that these impairments did not meet or equal the listed impairments for purposes of disability under the Act.  (R. 18.)  The ALJ also found that he had no exertional limitations, and could perform work that did not require the use of ladders or hazards.  (R. 14.)  The ALJ determined that Plaintiff, who represented by counsel at this hearing, was not disabled within the meaning of the Act, and denied him benefits on April 7, 2006.  (R. 8-16.)

Thereafter, Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied that request by action dated July 13, 2006, thereby making the ALJ's decision the "final decision" of the Commissioner under 42 U.S.C. § 405(g). *See Rankin v. Heckler*, 761 F.2d 936, 941 (3d Cir. 1985); (R. 6).  That decision is the subject of this appeal.

On June 15, 2007, Magistrate Judge Blewitt recommended that Plaintiff's appeal be denied.  (Doc. 10.)  Plaintiff timely filed objections to the Report and Recommendation on August 2, 2007.  (Doc. 13.)  Defendant filed a response to Plaintiff's objections on August 9, 2007.  (Doc. 15.)  The matter has been fully briefed by both parties and is now

ripe for disposition.

**STANDARD OF REVIEW**

A.      Review of Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

B.      Review of Social Security Administration's Findings

The factual findings of the Social Security Administration must be deemed conclusive unless the reviewing court finds that they are not supported by substantial evidence.  42 U.S.C. § 405(g); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

Substantial evidence means "such relevant evidence as a reasoning mind might accept as adequate to support a conclusion." *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir. 1980); 42 U.S.C. s 405(g)." *Id.* Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence has also been described as enough evidence to withstand a directed verdict motion where the disputed proposition is one of fact for the jury. *See NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505 (1939); *Olsen v. Schweiker*, 703 F.2d 751, 753 (3d Cir. 1983).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by this evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter*, 642 F.2d at 704. Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting that evidence. *Id.* at 706-07. In determining if the Commissioner's decision is supported by substantial evidence, the Court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d

4

968, 970 (3d Cir. 1981).

## DISCUSSION

### I.    Disability Benefits

In order to receive disability benefits, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 432(d)(1)(A).  Section 432 further states that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 432(d)(2)(A).

### II.    Evaluation Process

A five-step evaluation process is used to determine if a person is eligible for disability benefits.  *See* 20 C.FR. § 404.1520.  *See also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999); *Sassone v. Soc. Sec. Comm.*, 165 Fed. App'x 954 (3d Cir. 2006) (non-precedential).  If the Commissioner finds that the Plaintiff is not disabled within the

meaning of the law, review does not proceed any further.  20 C.F.R. §§ 404.1520, 416.920.

First, the plaintiff must establish that he has not engaged in "substantial gainful activity."  *See* C.F.R. §§ 404.1520(b), 416.920(b).  Second, an evaluation is performed to determine whether the plaintiff has a severe impairment.  *See* C.F.R. §§ 404.1520(c), 416.920(c).  Third, the Social Security Commissioner determines whether the impairment or a combination of impairments meets or equals those listed in Appendix 1, Subpart P, Regulation Number 4.

Fourth, if the plaintiff's impairment does not meet or equal a listed impairment, the Commissioner must continue with the evaluation process and determine whether the plaintiff has established that he is unable to perform his past relevant work.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).  The plaintiff bears the burden of proof that he is unable to return to his past relevant work.  *Plummer*, 186 F.3d at 428.  Fifth, and finally, the Commissioner must demonstrate that other jobs exist in significant numbers in the national economy that the plaintiff is able to perform, consistent with his medically determinable impairments, functional limitations, age, education, and past working experience in step five.  20 C.F.R. §§ 404.1520(f), 416.920(f).  In conducting this inquiry, the Commissioner is to consider the plaintiff's stated vocational factors.  20 C.F.R. §§ 404.1520(f), 416.920(f).

### III.    Objections

A.    Objection I

Plaintiff's first Objection concerns Magistrate Judge Blewitt's findings of fact

regarding the amount of weight Plaintiff could lift, and the number of times the Plaintiff was able to lift the weight.  Specifically, Plaintiff objects to the finding that the Plaintiff could perform work at any exertional level, and contests the finding that the Plaintiff could lift a fifty (50) pound weight thirty (30) times.  (Doc. 13 ¶ I.A.)  He further contests the finding that the Plaintiff could carry and lift twenty (20) pounds, in a setting less than a year after he completed forty (40) repetitions of twenty-five (25) pounds, twenty-five (25) repetitions of forty (40) pounds, and thirty (30) repetitions of fifty (50) pounds in a materials packing simulation.  (Doc. 13 ¶¶ I.B, I.D.)  Plaintiff also objects to the factual finding "that plaintiff admitted being capable of lifting 50 pounds and that he did so in his first RFC assessment."  (Doc. 13 ¶ I.C.)  Plaintiff further objects to the conclusion that he could list more than twenty-five (25) pounds, and that he could lift fifty (50) pounds over thirty (30) times.  (Doc. 13 ¶ I.E.)  Plaintiff also argues that the evaluation only lasted for five (5) minutes, and therefore is inconclusive as to Plaintiff's ability to work an entire day. (*Id.*)

In *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 120 (3d Cir. 1995), the Third Circuit Court of Appeals found that the plaintiff could list 15-20 pounds for one third of an eight hour day.  But, to satisfy light work, the plaintiff would be required to stand, walk, lift and/or carry objects of at least 10 pounds for approximately six hours of an eight hour day.  *Id.*  In determining if a person is capable of "medium work," an ALJ is to consider that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  If a person is found to be capable of performing medium work, they are also capable of doing light and sedentary work.  20 C.F.R. § 416.967.

7

The finding that Plaintiff could engage in "medium work" was based on substantial evidence.  First, the May 25, 2005 comprehensive examination performed by Dr. Mian Shahid provided evidence regarding the Plaintiff's exertion capabilities.  (R. 13, 93-95). In Dr. Shahid's examination, Dr. Shahid noted that the Plaintiff could carry and lift twenty (20) pounds in a work setting, and that Plaintiff could push or pull a maximum weight of twenty-five (25) pounds. (R. 96-97).  This examination was conducted less than a year after Plaintiff completed forty (40) repetitions of twenty-five (25) pounds, twenty-five (25) repetitions at forty (40) pounds, and thirty (30) repetitions at fifty (50) pounds in a materials packing simulation reported by Dr. Joseph Mussoline.  (R. 91-92.)  The report noted that "No pain was reported throughout these trials.  The only significant report from this individual was progressive and increasing fatigue levels." (R. 92.)  Plaintiff's objection is that Dr. Mussoline's report only lasted five (5) minutes, and therefore cannot be used to determine Plaintiff's residual functional capacity.  However, the ALJ relied on two (2) medical opinions, and granted controlling weight to these opinions.  No other medical opinions were presented that showed that the Plaintiff was unable to perform this level of work.  The evidence consisted of two consistent medical opinions in reaching the determination that Plaintiff could lift the listed amount of weights, and therefore the Court agrees that the Plaintiff was capable of this level of exertion.  Plaintiff's appeal on this ground will be denied.

B.    Objection II

Plaintiff also objects to characterization of James Cunningham's file review of Plaintiff as a "psychiatric review."  (Doc. 13 ¶ II.)  Plaintiff also questions weight placed upon the report, as the report is an opinion of non-examining physician.  (*Id.*)  Plaintiff

8

argues that, as Dr. Cunningham never examined Plaintiff, his opinion has less probative force than a doctor who treated or examined him.

Dr. Cunningham expressed the opinion that Plaintiff was only partially credible in his complaints. (R. 110.) He further found that Plaintiff had a non-severe impairment of anxiety neurosis. (R. 110.)

Plaintiff cites *Wier ex rel. Wier v. Heckler*, 734 F.2d 955, 963 (3d Cir. 1984) in support of his objection. In *Wier*, the Third Circuit Court of Appeals noted that opinions of doctors have only reviewed the record have less probative force than had they doctors treated the plaintiff. *Id.* However, in *Weir*, the court also noted that the reports were stale, and were several years old. *Id.* Furthermore, evidence existed in the record as to contrary opinions by treating and examining physicians. *Id.*

However, a non-treating physician may be given weight over a treating physician in certain circumstances. "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). In this case, no report or testimony by a treating psychiatrist was placed on the record. At the hearing, Plaintiff was asked if he went to therapy, and answered that he did not want to attend counseling. (R. 151.) Therefore, there was no other evidence of psychiatric review beyond Dr. Cunningham's report. The ALJ properly relied on this evidence in reaching an opinion, and the opinion is based upon substantial evidence. Plaintiff's appeal on this ground will be denied.

9

C.     Objection III

Plaintiff's third objection includes an objection to the statement by the Magistrate Judge that Plaintiff's attorney submitted no post-hearing evidence.  Plaintiff also objects to the testimony of the vocational expert, who stated that "an individual of plaintiff's age, education, and past work experience, who retained a capacity to work at any exertional level, could perform jobs in the regional and national economy."  Plaintiff also objects to the Magistrate Judge's finding that the Plaintiff was capable of performing work in sufficient regional and national numbers.

Plaintiff correctly states that the decision of an ALJ is to be upheld if supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Plaintiff objects to the Magistrate Judge's statement that no further evidence was submitted, and notes that Plaintiff submitted Exhibits E-8F, E-9F, E-10F post-hearing.  Although Magistrate Judge Blewitt stated that Plaintiff submitted no further evidence, he cited to this evidence later submitted in his report and recommendation.

Plaintiff's objections also include objections to statements by the Vocational Expert, Calvin Anderson.  The ALJ asked Mr. Anderson to "[a]ssume . . . this individual retains the capacity to perform work at all physical exertion levels, however, this is limited to never being on ladders and avoiding hazards and also limited to simple routine tasks." (R. 153.)  In Mr. Anderson's response, he noted that "Examples of jobs could be jobs such as machine tending positions, 600 position regionally, 8,000 in the commonwealth. Packing positions, in reference to numbers we have over 2,000 in the commonwealth, at least at the medium level on down and it would be 50,000, 75,000 in the commonwealth." (R. 153.)  Although the question asked about jobs with respect to levels higher than the

10

medium level of which Mr. Bohovich is capable, Mr. Anderson testified that there were at least 2,000 positions available in the packing industry in the Commonwealth at the medium exertion level or lower.  (R. 153.)  However, the ALJ should have presented questions to the vocational expert regarding the availability of jobs at the medium level of exertion, as there was no substantial evidence to support Plaintiff's ability to work at levels higher than medium exertion.

Magistrate Judge Blewitt specifically held in his Report and Recommendation that no evidence in the record demonstrates that the Plaintiff was capable of exertion beyond the medium level.  The Court agrees.  However, in the ALJ's opinion, the ALJ found that "[t]he claimant has the residual functional capacity to work at any exertional level."  (R. 13.)  However, such a finding is not supported by substantial evidence.  As stated in the review of Plaintiff's first objection, the Court noted that Plaintiff could lift certain quantities of weight for a certain number of repetitions.  The finding that Plaintiff could work at any exertional level is inconsistent with the medical evidence.   Therefore, the appeal will be granted on this ground and remanded for further proceedings.

Plaintiff further objects to the findings of the Magistrate Judge, and argues that there was no evidence that the Plaintiff was capable of exertion above the medium level.  Plaintiff argues that the ALJ relied on paragraph 204.00 in finding that the plaintiff was not disabled.  Plaintiff correctly states that paragraph 204.00 only applies to individuals who are capable of work at the heavy or very heavy exertional level.  Magistrate Judge Blewitt noted that the ALJ cited paragraph 204.00 as an alternative holding.  The ALJ's holding states that "The claim is additionally found not disabled pursuant to paragraph

204.00." (R. 15) (emphasis added). The finding stated that "Assuming the capacity to perform work at any exertional level, paragraph 204.00 directs a finding that the claimant is not disabled." (R. 15). There is no substantial evidence supporting the finding that Plaintiff could work at any exertional level, as there is no evidence demonstrating that he could work above the medium level. Therefore, the ALJ improperly considered paragraph 204.00 in determining that the Plaintiff was not disabled. As there is no evidence that Plaintiff can work above the medium exertional level, consideration of paragraph 204.00, which deals with heavy or very heavy work, was inappropriate.

For these reasons, Plaintiff's appeal will be granted regarding the ALJ's finding that the Plaintiff could work at any exertional level, and the ALJ's use of paragraph 204.00 in her determination that the Plaintiff was not disabled.

D.      Objection IV

Plaintiff's objections do not contain an objection listed as Objection IV, and therefore the Court will proceed to Objection V.

E.      Objection V

Plaintiff also objects to the finding that he does not satisfy the Section 12.06 criteria regarding anxiety-related disorders. Plaintiff argues that the ALJ did not sufficiently develop the record for meaningful review as required by the Third Circuit Court of Appeals in *Burnett v. Commissioner*, 220 F.3d 112, 119-20 (3d Cir. 2000).

A claimant is disabled *per se* under Section 12.06 when he either satisfies the requirements of both 12.06(a) and 12.06(b), or of 12.06(a) and 12.06(c). *Meyler v. Commissioner*, 238 Fed. App'x 884, 889 (3d Cir. ,2007) (non-precedential) ("An

12

impairment meets listing 12.06 when the criteria in both A and B are satisfied, or when the criteria in both B and C are satisfied.").

Section 12.06(a) includes a listing of anxiety related disorders.  20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.06.  The listing requires medically documented findings of at least one of the following: (1) generalized persistent anxiety accompanied by three of four of the following signs or symptoms: (a) motor tension; (b) autonomic hyperactivity; (c) apprehensive expectation; or (d) vigilance and scanning; or (2) a persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or (3) recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week; or (4) recurrent obsessions or compulsions which are a source of marked stress; or (5) recurrent and intrusive recollections of a traumatic experience, which are a source of marked stress. 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.06(a).

Section 12.06(b) requires that the symptoms described in section (a) result in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.  20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.06(b).  Section 12.06(c) requires a "complete inability to function independently outside the area of one's home."  20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.06(c).

Plaintiff argues the ALJ failed to articulate an evidentiary basis for her finding that his mental impairments did not meet or equal a listed impairment.  The ALJ stated in her

report that:

> the preponderance of the medical evidence supports the conclusion that the claimant's mental impairment imposes no functional restriction with regard to the performance of daily living, a mild degree of functional limitation with regard to the performance of social activities, concentration, persistence or pace with no evidence of episodes of decompensation of an extended duration.

(R. 13.)  However, the ALJ makes no specific mention of Section 12.06(c).

In *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000), the court held that a conclusory statement by an ALJ would be beyond judicial review, and therefore would be an improper evaluation.  However, the Third Circuit Court of Appeals has clarified that *Burnett* was intended to "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  The *Jones* court held that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis . . . . In this case, the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that Jones did not meet the requirements." *Id.*  Ultimately, "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."  *Ochs v. Commissioner*, 187 Fed. App'x 186, 189 (3d Cir. 2006) (non-precedential) (upholding an ALJ's decision as sufficient even though he did not identify the specific listing he considered).

The ALJ noted that "the undersigned has reviewed and examined section 12.00 et seq. and has concluded that the claimant is not presumptively disabled . . . because the

14

evidence of record does not document the specific findings required for listing severity as set forth in the medical evidence set forth below." (R. 13.) In reviewing the ALJ's decision as a whole, the record was sufficiently developed for review. The ALJ discussed the report of Dr. Cunningham, and noted the testimony of the Plaintiff. (R. 14.) She discussed that he was not involved in any psychiatric treatment, attended to his personal care needs without assistance, performed some household chores, and engaged in many activities of daily living. (R. 14.) Although the ALJ did not specifically list 12.06(c), she stated that she reviewed 12.00 et seq., and this is evident in the review of her findings. Therefore, there is substantial evidence that the ALJ considered both 12.06(b) and 12.06(c) factors in her decision. Plaintiff's appeal will be denied on these grounds.

F.      Objection VI

Plaintiff objects to Magistrate Judge Blewitt's conclusion that the ALJ considered the Plaintiff's mental impairments when forming his hypothetical questions to the Vocational Expert. (Doc. 13 ¶ VI.A.) Plaintiff argues that asking the Vocational Expert about simple routine tasks is not a substitute for the mild degree of functional limitation on concentration, persistence, or pace that ALJ found limited the Plaintiff. A hypothetical presented to a vocational expert must "reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1273 (3d Cir. 1987) (citing *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Wallace v. Secretary*, 722 F.2d 1150 (3d Cir. 1983)).

The ALJ found that Plaintiff suffered from a mild degree of functional limitation

15

based upon concentration, persistence, and pace.  (R. 13.)  Thus, the ALJ found this

impairment to be medically supported.  However, the ALJ failed to include these

limitations in her questions to the vocational expert.  Limitations regarding concentration,

persistence, and pace are not necessarily coextensive with "simple routine tasks."  The

Middle District of Pennsylvania has noted that a limitation to simple tasks does not take

pace into consideration.  *Foley v. Barhart*, 432 F. Supp. 2d 465, 482 (M.D. Pa. 2005)

(Conaboy, J.).  "An individual with deficiencies in pace might be able to perform simple

tasks, but not over an extended period of time."  *Id.* (quoting *Ramirez v. Barnhart*, 372

F.3d 546, 554 (3d Cir. 2004)).  Therefore, the ALJ erred in failing to include Plaintiff's

mental deficiencies in her questions to the Vocational Expert.

G.     Objection VII

Plaintiff objects to the findings of the ALJ and Magistrate Judge Blewitt regarding

Plaintiff's complaint of frequent urination.  First, Plaintiff objects to the finding of fact that

the record did not support Plaintiff's allegations of the need to frequently urinate.

Second, Plaintiff argues that the ALJ erred in not including in her hypothetical to the

Vocational Expert that Plaintiff had a limitation based upon his need to frequently urinate.

A hypothetical presented to an expert must "reflect all of a claimant's impairments

that are supported by the record; otherwise the question is deficient and the expert's

answer to it cannot be considered substantial evidence."  *Chrupcala v. Heckler*, 829 F.2d

1269, 1273 (3d Cir. 1987) (citing *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984);

*Wallace v. Secretary*, 722 F.2d 1150 (3d Cir. 1983)).  However, "[w]e do not require an

ALJ to submit to the vocational expert every impairment *alleged* by a claimant."

16

*Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis in original).  The *Rutherford* court further noted this requirement "means that the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Id.* (emphasis in original).  Plaintiff argues that the need to urinate frequently was supported by the record, and therefore the exclusion of this fact rendered the question to the expert deficient.

The Third Circuit Court of Appeals in *Rutherford* held that "[l]imitations that are medically supported and otherwise uncontroverted in the record, but that are not icnldued in the hypothetical question posed to the expert, preclude reliance on the expert's response." *Id.*  However, the court noted that limitations that are medically supported, but are contradicted by other evidence in the record, may or may not be found to be credible. *Id.*  Therefore, "the ALJ can reject such a limitation if there is conflicting evidence in the record, but should not reject a claimed symptom that is related to an impairment and is consistent with the medical record simply because there is no objective medical evidence to support it." *Id.*  In *Rutherford*, the plaintiff claimed that the ALJ improperly ignored limitations of drowsiness, manual dexterity, need for a cane, and need for a sit-stand option.  *Id.*  However, the court held that the ALJ reasonably discounted these limitations. *Id.*

The manner of evaluating symptoms is codified in 20 C.F.R. 416.929, and discussed in *Rutherford*.  In Regulation 929(c)(4), the ALJ is instructed to evaluate alleged limitations in part by "the extent to which there are any conflict between [the claimant's] statements and the rest of the evidence."

17

In this case, there is conflicting evidence regarding the Plaintiff's claim of urinary incontinence.  Dr. Mussoline's January 30, 2004 makes no mention of frequent urination in the list of patient complaints.  (R. 30.)  Similarly, Dr. Shahid's report of May 28, 2005 notes that he has "No urinary incontinence" and makes no other mention of problems of frequent urination.  (R. 93.)  In contrast, the ALJ considered the Plaintiff's testimony with respect to his complaints of urinary frequency.  Plaintiff testified that he could not sit through mass at church, because he would need to get up at least twice during the one (1) hour mass.  (R. 144.)   He further testified that he would need to urinate "at least three or four times in an hour."  (R. 145.)  He also testified that he would get up at least twice during the night to urinate.  (R. 146.)  He noted that he slept eight (8) to nine (9) hours per night, so he would get up approximately two (2) times during this time frame.  (R. 146.)  Finally, a note submitted by Dr. Mussoline stated "Frequent urination 4-5x due to antihypertension and complains of chronic fatigue syndrome, hyperglycemia, hyperlipidemia, and inability to tolerate stress."  (R. 124.)

The ALJ found that the subjective complaints and limitations were overstated.  She further held that the "claimant's complaints are inconsistent with the clinical and diagnostic findings found of record particularly as they relate to the claimant's nonexertional abilities."  (R. 14.)  The only medical indicia of frequent urination was the note by Dr. Mussoline which listed the Plaintiff's complaints.  No other medical evidence was entered on this point.  Furthermore, the ALJ used credibility determinations to find that the Plaintiff's complaints were overstated and inconsistent with medical evidence.  Such a finding is based on substantial evidence in the record.  As the ALJ had reason to find that the limitations were not credible, there was no requirement for her to use these

18

limitations in her questions to the Vocational Expert.  For these reasons, Plaintiff's appeal will be denied on this ground.

      H.     Objection VIII

Lastly, Plaintiff objects to Magistrate Judge Blewitt's finding that the appeal be denied, because the Defendant failed to carry the burden of proof that there are jobs in national economy that Plaintiff can perform.  Plaintiff argues that the hypothetical presented to the Vocational Expert by the ALJ was not supported as substantial evidence because it assumed that the Plaintiff retained the ability to perform work at all exertional levels.  This argument was also asserted in Objection III.  As previously stated, the finding that Plaintiff could work at any exertional level was not supported by substantial evidence.  Therefore, the ALJ improperly relied on questioning geared towards a person who could work at any exertional level.  Although the Vocational Expert gave some testimony as to the jobs available to someone limited to medium exertional level work, the ALJ erred in her questioning and her determination was not based on substantial evidence.

**CONCLUSION**

As I find that the ALJ's determination that the Plaintiff could complete work at any exertional level was not supported by substantial evidence, and that the questions to the Vocational Expert did not include the Plaintiff's mental limitations or focus on Plaintiff's exertional limitations,  I will adopt in part and reject Magistrate Judge Blewitt's Report and Recommendation, grant in part and deny in part the Plaintiff's appeal.

19

An appropriate order will follow.


February 13, 2008                                      /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN F. BOHOVICH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:06-CV-1710 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | (JUDGE CAPUTO) |
| Commissioner of Social Security | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | : | |

**ORDER**

**NOW**, this __13th__ day of February, 2008, after consideration of Magistrate Judge Blewitt's Report and Recommendation recommending that the Plaintiff's appeal be denied (Doc. 1), and of Plaintiff's objections to the Magistrate Judge's Report (Doc. 13), **it is hereby ORDERED** that:

1.  Magistrate Judge Blewitt's Report and Recommendation affirming the Defendant's decision to deny Plaintiff's claim for disability insurance benefits is **ADOPTED IN PART** and **REJECTED IN PART**.

2.  The appeal is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  Plaintiff's appeal is **GRANTED** to the extent the ALJ determined that Plaintiff could work at any exertional level.

    b.  Plaintiff's appeal is **GRANTED** to the extent the ALJ failed to question the Vocational Expert on medium work opportunities in the Commonwealth.

    c.  Plaintiff's appeal is **GRANTED** to the extent the ALJ failed to

21

incorporate Plaintiff's mental limitations in her questions to the

Vocational Expert.

d.      On all other grounds Plaintiff's appeal is **DENIED**.

3.      Pursuant to the fourth sentence of 42 U.S.C. § 402(g), this matter is

**REMANDED** to the Commissioner of Social Security for further

consideration consistent with the accompanying Memorandum.

4.      The Clerk of the Court is to mark the matter in this Court **CLOSED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge