**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN F. BOHOVICH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:06-CV-1710 |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | : | |

## <u>MEMORANDUM</u>

Before me is Plaintiff John F. Bohovich's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 17).  For the following reasons, Plaintiff's motion will be granted in part and denied in part.  Plaintiff will be granted four-thousand, five hundred and twenty-two dollars ($4522.00) in attorney's fees, three-hundred and eighty-eight dollars and twenty-five cents ($388.25) in costs, and twenty-seven dollars and twelve cents ($27.12) in expenses.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") under Title VI on January 27, 2005, alleging an inability because of hypertension, hypoglycemia, hyperlipidemia, and an anxiety-related disorder.  His claims were initially denied.  A timely request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ") on February 21, 2006.  While the ALJ determined that the Plaintiff had a severe mental impairment based on anxiety disorder, she determined that these impairments did not meet or equal the listed impairments for purposes of disability under the Act.  The ALJ

also found that he had no exertional limitations, and could perform work that did not

require the use of ladders or hazards.  The ALJ determined that Plaintiff, who

represented by counsel at this hearing, was not disabled within the meaning of the Act,

and denied him benefits on April 7, 2006.

Plaintiff requested review of the ALJ's decision by the Appeals Council.  The

Appeals Council denied that request by action dated July 13, 2006, thereby making the

ALJ's decision the "final decision" of the Commissioner under 42 U.S.C. § 405(g).

Plaintiff then appealed this decision to federal court.  (Doc. 1.)  On June 15, 2007,

Magistrate Judge Blewitt recommended that Plaintiff's appeal be denied.  (Doc. 10.)

Plaintiff timely filed objections to the Report and Recommendation on August 2, 2007.

(Doc. 13.)  This Court granted in part and denied in part Plaintiff's objections, finding that

the ALJ's determination that the Plaintiff could work at any exertional level was not

supported by substantial evidence, that the ALJ failed to include Plaintiff's mental

deficiencies in her questions to the vocational expert, and that the ALJ's determination

that there were jobs in the national economy that Plaintiff could perform was not

supported by substantial evidence. (Doc. 16.) The matter was remanded to the

Commissioner of Social Security for further consideration.  (Doc. 16.)

### STANDARD OF REVIEW

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Court

"*shall* award to a prevailing party other than the United States fees and other expenses . .

. unless the court finds that the position of the United States was substantially justified or

that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A) (emphasis added).  By providing that the court "shall" award attorney's fees unless the exception applies, the EAJA makes attorney's fees mandatory to a qualified prevailing party. *Corona v. Barnhardt*, 431 F. Supp. 2d 506, 511 (E.D. Pa. 2006).

A motion for attorneys' fees must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).  A " 'final judgment' means a judgment that is final and not appealable. . . ."  28 U.S.C. § 2412(d)(2)(B). "[T]he thirty day cut-off for EAJA petitions begins when the government's right to appeal the order has lapsed." *Taylor v. United States*, 749 F.2d 171, 174 (3d Cir.1984).  In this case, the attorney's fee petition was filed within the proper time restraints.


### DISCUSSION

### I.      Prevailing Party

The first issue before the Court is whether the Plaintiff is a "prevailing party."   In determining whether a party is a "prevailing party" in a Social Security case where the district court has remanded the case, the court must determine whether the remand is pursuant to "sentence four" or  "sentence six" of 42 U.S.C. § 405(g).  Section 405(g) governs remands to the Commissioner in Social Security cases.

Sentence four of Section 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g).

Sentence six provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

In *Shalala v. Schaefer*, the Supreme Court held that "a party who wins a sentence-four remand order is a prevailing party."  509 U.S. 292, 302 (1993).  The Court noted that this was consistent with its previous reading of a "prevailing party" in *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).  In *Texas State Teachers*, the Court held that  "[i]f the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind."  *Id.* at 791-92.  The *Schaefer* Court also held that "[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."  *Schaefer*, 509 U.S. at 297 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991)).

4

In its February 13, 2008 Order, the Court specified that this case was remanded pursuant to Sentence Four of Section 405(g).  (Doc. 16.)   The Court terminated the federal court ligation.  *Schaefer*, 509 U.S. at 297.   As the remand occurred pursuant to Sentence Four, Plaintiff is a "prevailing party" pursuant to Sentence Four of Section 405(g).

## II.    Substantially Justified

The second consideration in the determination of an EAJA fee request requires the Court to consider whether the Commissioner's decision was "substantially justified" or if other special circumstances exist which would cause the award of fees to be unjust despite Plaintiff's status as a "prevailing party." 28 U.S.C. § 2412(d)(1)(A).  The Defendant does not argue that special circumstances exist such that an award would be unjust. Therefore, the Court will only consider whether the Commissioner's decision was "substantially justified."

The Supreme Court in *Pierce v. Underwood*, 487 U.S. 552 (1988) considered the definition of the term "substantially justified" in Social Security cases.  The majority held that the answer to that inquiry had to be made on an individual case by case method, depending on interpretation of the facts of each case.

After considering possible definitions, the Court held that:

> [w]e are of the view . . .  that as between the two commonly used connotations of the word "substantially," the one naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person.

*Id.* at 565.  The Court further held that:

> [b]etween the test of reasonableness, and a test such as
> "clearly and convincingly justified" – which no one, not even
> respondents, suggests is applicable – there is simply no
> accepted stopping-place, no ledge that can hold the anchor for
> steady and consistent judicial behavior.

*Id.* at 568.

The Third Circuit Court of Appeals also addressed the meaning of the term

"substantially justified" in *Washington v. Heckler*, 756 F. 2d 959 (3d Cir. 1985), holding

that:

> [t]he position of the United States includes not only its litigation
> position, but also the agency position that made the lawsuit
> necessary.  Substantial justification constitutes a middle
> ground between an automatic award of fees to a prevailing
> party, and an award only where the government's position was
> frivolous.  The burden of proving substantial justification is on
> the government.

*Id.* at 961 (internal citations and quotation omitted).  The government's position is

substantially justified "if it has a reasonable basis in both law and fact."  *Ruiz v. Comm'r of*

*Soc. Sec.*, 262 Fed. App'x 379, 380-81 (3d Cir. 2008) (non-precedential) (quoting *Morgan*

*v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998) (quoting *Hanover Potato Prods., Inc. v. Shalala*,

989 F.2d 123, 128 (3d Cir. 1993))).  To be "substantially justified, the Commissioner must

show three (3) elements: "(1) a reasonable basis in truth for the facts alleged; (2) a

reasonable basis in law for the theory it propounded; and (3) a reasonable connection

between the facts alleged and the legal theory advanced."  *Id.* at 380 (quoting *Morgan*,

142 F.3d at 684)).  The government's position may be "substantially justified" even when it

loses on the merits.  *Id.*   In determining a claim for counsel fees, the Court must evaluate

"not only the government's litigation position but also the agency position that made the

6

lawsuit necessary." *Id.*

The Defendant government argues that its position is "substantially justified" because a reasonable person, here Magistrate Judge Blewitt, found in its favor. The government argues that although the District Court disagreed with Magistrate Judge Blewitt's decision, reasonable minds can differ.

In *Corona v. Barnhardt*, 431 F. Supp. 2d 506, 512 (E.D. Pa. 2006), Judge Brody of the Eastern District of Pennsylvania noted that the fact that a Commissioner found for the government does not, in itself, mean that the government's position was substantially justified. *Id.* Similarly, the court held that the fact that a magistrate judge found that the ALJ's decision was erroneous does not, in and of itself, mean that the Commissioner's position was not substantially justified. *Id.* The court stated that "while I may certainly consider the views of other judges in determining the question of substantial justification, they serve as a starting point rather than an end to the inquiry." *Id.* (citing *Pierce*, 487 U.S. at 568).

In *Corona*, the court found that the government failed to meet its burden, and that its position was not "substantially justified." *Id.* at 514-15. The court noted that "the Commissioner defended the ALJ's failure to include several of the Plaintiff's impairments in the hypothetical posed to the vocational expert, a failure that constituted reversible error." *Id.* at 515. The court considered that the ALJ's hypothetical to the vocational expert failed to include the plaintiff's mental impairments, as well as the plaintiff's use of a cane. *Id.* The court noted that "[i]t is well settled in the Third Circuit that '[a] hypothetical question must reflect all of a claimant's impairments that are supported by the record;

7

otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence.'" *Id.* at 516-17 (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)).  Therefore, the court held that "this is not a case where the Commissioner's position, though incorrect, involved a close or unsettled question of law." *Id.*  "[W]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be substantially justified."  *Id.*  (citations and quotations omitted).  The court found that, although the Commissioner properly defended against two (2) of the plaintiff's claims, the Commissioner was not substantially justified in defending the ALJ's failure to properly frame a hypothetical question to the vocational expert that included all of the plaintiff's impairments. *Id.*

This case is analogous to *Corona.*  Here, the ALJ failed to include Plaintiff's mental deficiencies in her questions to the vocational expert.  Such a failure led the ALJ to determine that there were jobs in the national economy that Plaintiff could perform.  The position of the Commissioner is not substantially justified in this respect.  It is a clear error of law to fail to include the impairments supported by the record.  Therefore, the Commissioner's position fails the second step of the *Morgan* test, which requires "a reasonable basis in law for the theory it propounded."  *Morgan*, 142 F.3d at 684.  As there was no reasonable basis in law to defend the ALJ's failure to ask frame hypothetical questions to the vocational expert including Plaintiff's mental deficiencies, the government's position is not substantially justified.  The government has failed to meet its burden in showing that its position was substantially justified and that the Plaintiff is not entitled to fees.  The Court will now consider the reasonable amount of fees to award.

8

### III.    Amount of Award

As the Plaintiff is entitled to EAJA fees, the next step of the inquiry is the proper amount of fees to award.  This requires the Court to consider both the appropriate hourly rate and number of hours for which Plaintiff should be reimbursed.

The EAJA statutory maximum set for attorney fees is one-hundred and twenty-five dollars ($125.00) per hour.  28 U.S.C. § 2412(d)(2)(A)(ii).  With cost of living increases, this rate has been adjusted to one-hundred and seventy dollars ($170.00) per hour.  Defendant does not contest this as the appropriate hourly rate.

However, Defendant argues that Plaintiff should not recover for all of the time requested.  First, Defendant argues that the request for an award of four-thousand, nine-hundred and sixty dollars and twenty-one cents ($4960.21) is considerably more than the average EAJA award of three-thousand four-hundred dollars ($3400.00) in the Middle District of Pennsylvania.

Although the Commissioner argues that Plaintiff's requested award is "considerably more" than the average EAJA award in this District, the Defendant does not provide a citation to that statistic.  It is unknown if this statistic reflects all EAJA cases or only Social Security cases.  Furthermore, averages may be skewed by cases which go to trial or settle early in the process.  Therefore, the Court cannot rely on the average EAJA award in the Middle District of Pennsylvania in  considering Plaintiff's attorney's fees.

The Court will consider Defendant's arguments regarding the reasonableness of hours.  Specifically, Defendant argues that Plaintiff's counsel spent an unreasonable time researching case law and writing the reply brief.  Defendant notes that the reply brief was only three (3) pages long, and most of the citations included in the reply brief were cases

that Plaintiff cited previously in his summary judgment motion.  The Court agrees that nine and two-tenths (9.20) hours for the reply brief is excessive in this particular case.  As stated by the Defendant, the reply brief consisted only of three (3) pages, with the majority of citations were previously included in the summary judgment brief.  Although Plaintiff's counsel submits that he conducted research on res judicata and remand in spite of errors, these issues were not raised in the reply brief.  Therefore, the Court will reduce the hours spent researching and writing the reply brief to six (6.00) hours from nine and two-tenths (9.20) hours.

The Defendant government also argues that the amount of time spent on the fee request is excessive because the request was essentially a boilerplate motion, with little additional information.  The government requested that the hours spent on preparing the fee petition be reduced from five and seven-tenths (5.70) hours to one and one-half (1.50) hours.  The Court does not find this request to be unreasonable, as the fee petition included citations to case law as to why the Plaintiff was entitled to fees.  The fee petition also contained an affidavit outlining the time spent on the case, costs incurred, and the expenses.  Therefore, the Court will award the entire five and seven-tenths (5.70)  hours of work spent on the fee petition.

The hours allowed are detailed below.

| DATE | ACTIVITY | REQUEST | GOVERNMENT'S POSITION | HOURS ALLOWED |
|------|----------|---------|----------------------|---------------|
| 12/7/06 | Reviewed complaint | 0.60 hours | 0.60 hours | 0.60 hours |
| 12/8/06 | Read transcript and wrote Plaintiff's summary judgment motion | 8.00 hours | 8.00 hours | 8.00 hours |

10

| 1/12/07 | Read Defendant's summary judgment motion | 0.30 hours | 0.30 hours | 0.30 hours |
|---------|------------------------------------------|------------|------------|------------|
| 1/19/07-1/22/07 | Researched case law and wrote Plaintiff's reply brief | 9.20 hours | 3.00 hours | 6.00 hours |
| 6/18/07 | Read Report and Recommendation | 0.30 hours | 0.30 hours | 0.30 hours |
| 7/30/07 | Wrote Plaintiff's Objections | 5.20 hours | 5.20 hours | 5.20 hours |
| 8/13/07 | Read Defendant's Response to Plaintiff's Objections | 0.20 hours | 0.20 hours | 0.20 hours |
| 2/18/08 | Read District Court's Decision | 0.30 hours | 0.30 hours | 0.30 hours |
| 2/20/08 - 4/4/08 | Prepared EAJA Motion | 5.70 hours | 1.50 hours | 5.70 hours |
| | **TOTAL** | 29.80 hours | 19.40 hours | 26.60 hours |

As the Court will allow a total of twenty-six and six-tenths hours, the lodestar will be calculated by multiplying this reasonable number of hours by the reasonable rate. The reasonable EAJA rate was previously noted to be one-hundred and seventy dollars ($170.00) per hour. The product of the reasonable rate times the reasonable number of hours is four-thousand, five hundred and twenty-two dollars ($4522.00).

### IV.    Payment of Award

Defendant requests that the Court order payment to the Plaintiff as prevailing party, and not directly to Plaintiff's counsel. Plaintiff's counsel has not requested direct payment of the award. Therefore, the Court will award the fees and expenses to the Plaintiff, who was the "prevailing party." 28 U.S.C. § 24112(d)(1)(A).

11

### V.      Costs and Expenses

Plaintiff requests costs and expenses in the amounts of three-hundred and fifty dollars ($350.00) for the filing fee, thirty-eight dollars and twenty-five cents ($38.25) for photocopies, and twenty-seven dollars and twelve cents ($27.12) for postage.

Defendant does not object to these amounts, but requests that the photocopies be treated as a cost pursuant to 28 U.S.C. § 1920, rather than an expense pursuant to 28 U.S.C. § 2412(d).  Pursuant to 28 U.S.C. § 1920, "A judge or clerk of any court of the United States may tax as costs the following: (4) Fees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4). Therefore, the amount requested for photocopies will be considered a cost pursuant to 28 U.S.C. § 1920 rather than an expense pursuant to 28 U.S.C. § 2412(d).

Plaintiff will be awarded three-hundred and eighty-eight dollars and twenty-five cents ($388.25) in costs pursuant to 28 U.S.C. § 1920 and twenty-seven dollars and twelve cents ($27.12) in expenses pursuant to 28 U.S.C. § 2412(d).


### CONCLUSION

For the reasons stated above, Plaintiff's request for attorney's fees, costs, and expenses (Doc. 17) will be granted in part and denied in part.

An appropriate Order will follow.


July 24, 2008                                            /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN F. BOHOVICH,           :
                             :
     Plaintiff,           :
                             :     CIVIL ACTION NO. 3:06-CV-1710
         v.            :
                             :
MICHAEL J. ASTRUE,        :     (JUDGE CAPUTO)
Commissioner of Social Security  :
                             :     (MAGISTRATE JUDGE BLEWITT)
     Defendants.         :

## ORDER

    **NOW**, this 24th  day of July 2008, **IT IS HEREBY ORDERED** that Plaintiff's Motion

for Attorney's Fees and Expenses (Doc. 17) is **GRANTED IN PART** and **DENIED IN**

**PART** as follows:

    (1)    Plaintiff is awarded four-thousand, five hundred and twenty-two dollars

            ($4522.00) in attorney's fees.

    (2)    Plaintiff is awarded three-hundred and eighty-eight dollars and twenty-five

            cents ($388.25) in costs.

    (3)    Plaintiff is awarded twenty-seven dollars and twelve cents ($27.12) in

            expenses.


                               /s/ A. Richard Caputo
                               A. Richard Caputo
                               United States District Judge